**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cr-337-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JORGE HUMBERTO SIFUENTES-FELIX,

     Defendant.

---

## ORDER DENYING MOTION TO DISMISS THE INDICTMENT

---

The Government charges Defendant Jorge Humberto Sifuentes-Felix with one count of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a), (b)(1). (ECF No. 1.)

Before the Court is Defendant's Motion to Dismiss the Indictment ("Motion") (ECF No. 18), to which the Government filed a response in opposition (ECF No. 22).  After reviewing the parties' submissions and attached evidence, the Court concludes no evidentiary hearing is necessary to resolve the Motion.

For the reasons set forth below, the Motion is denied.

## I. BACKGROUND[1]

Defendant was encountered in the District of Colorado on August 25, 2021, and arrested by deportation officers with Immigration and Customs Enforcement ("ICE")

---

[1] Defendant includes no factual background in his Motion.  (*See* ECF No. 18.) Therefore, the Court takes the Background section from the Government's response.  (*See* ECF No. 22.)

following a traffic stop.  In an interview with ICE officials, after receiving his *Miranda* warnings, Defendant admitted he was a citizen of Mexico without any documents that would allow him to enter or remain in the United States.  Records show that Defendant had been previously removed to Mexico on October 19, 2018, and thereafter reentered the United States without proper consent from the United States government.

Records checks confirmed Defendant had not applied nor received permission to reenter the United States.  The fingerprints of Defendant, taken on August 25, 2021, were compared with the fingerprints taken when Defendant was removed in 2018.  The conclusion of the comparison was that both fingerprint impressions were taken from the same person.

Defendant was indicted on October 6, 2021, on a single count of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326 (a), (b)(1).  (ECF No. 1.)  Defendant also has a supervised release revocation pending on a similar conviction, Criminal Case No. 17-cr-256-WJM.

## II. ANALYSIS

### A.    Challenges to Section 1326

Section 1326 makes it a crime for a non-citizen previously ordered removed from the United States to reenter without proper authorization.  (ECF No. 22 at 2.)  In his Motion, Defendant argues that Section 1326 was enacted with a discriminatory purpose and therefore violates his right to equal protection under the Fifth Amendment and is "presumptively unconstitutional."  (ECF No. 18 at 1.)

Defendants across the United States have filed the same or similar motions to dismiss indictments, invoking nearly identical grounds as in this case.  (ECF No. 22 at 10 n.2 (citing cases).)  The Government points out that as of the date it filed its

response (December 8, 2021) only *one* court has ruled in favor of a defendant on this matter: *United States v. Carrillo-Lopez*, --F. Supp. 3d--, 2021 WL 3667330 (D. Nev. Aug. 18, 2021).[2]  (*Id.*)  By contrast, at least four district courts within the Tenth Circuit have addressed the same issue, and all—including one in the District of Colorado—have ruled against the defendants.  *See United States v. Maurico-Morales*, 2022 WL 99996, at *1 (W.D. Okla. Jan. 10, 2022); *United States v. Sanchez-Felix*, 2021 WL 6125407 (D. Colo. Dec. 28, 2021), *reconsideration denied*, 2022 WL 159814 (D. Colo. Jan. 18, 2022); *United States v. Amador-Bonilla*, 2021 WL 5349103, at *1 (W.D. Okla. Nov. 16, 2021) *United States v. Novondo-Ceballos*, --F. Supp. 3d--, 2021 WL 3570229 (D.N.M. Aug. 12, 2021).

Only one court in the Tenth Circuit—the sole decision from the District of Colorado—has determined that strict scrutiny applies, *see Sanchez-Felix*, 2021 WL 6125407, at *3; the remaining courts have found that rational basis review applies. Based on the citations in the case law, it appears as though the determination of what level of scrutiny to apply differs among courts across the country.  However, regardless of which level of scrutiny is applied, the vast majority of courts examining the issue have ultimately found that Section 1326 passes constitutional muster.  As explained below, this Court reaches the same conclusion.

---

[2] The Court has not done an exhaustive review of the case law to determine whether other courts have ruled in defendants' favor on similar motions, but *Carrillo-Lopez* appears to be an "outlier" among opinions considering the same issues.  *See United States v. Suquilanda*, 2021 WL 4895956, at *5 (S.D.N.Y. Oct. 20, 2021) (describing *Carrillo-Lopez* as an outlier and observing that the vast majority of courts that have considered this exact issue have upheld Section 1326, and denying motion to dismiss indictment with respect to Section 1326 arguments).

The Government appealed the order dismissing the indictment in *Carrillo-Lopez* on August 19, 2021, Case No. 21-10233.  The appeal remains pending as of the date of this Order.

## B.      Defendant's Challenge to Section 1326

Having reviewed the briefs and relevant legal authority, the Court concludes that it will adopt the reasoning of Chief United States District Judge Philip A. Brimmer in *Sanchez-Felix*, 2021 WL 6125407.  Therein, Judge Brimmer concluded that the constitutionality of Section 1326 should be considered under the strict scrutiny standard addressed in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977).  *See Sanchez-Felix*, 2021 WL 6125407, at *3.  Following an in-depth analysis, Judge Brimmer determined that "[e]ven though defendant has shown disparate impact, defendant has failed to show that the historical background and events preceding the enactment of the [Immigration and Nationality Act ("INA"), Pub. L. No. 82-414, 66 Stat. 163 (codified at 8 U.S.C. § 1, et seq.)] were the product of an invidious motive . . . or that racism or discriminatory views pervaded public thought." *Id.* at *8.  On this basis, Judge Brimmer denied the defendant's motion to dismiss the indictment.  *Id.*  He also concluded he need not conduct an evidentiary hearing.  *Id.*

Here, the Defendant has provided to the Court evidence of what he considers to have been the discriminatory animus motivating the 1952 reenactment of Section 1326.[3]  However, as the Government emphasizes, the vast majority of evidence of racial animus and discriminatory intent in this case focuses on the Undesirable Aliens Act of 1929 ("1929 Act") and not the INA, which is the law Defendant is charged with

---

[3] This evidence was not properly before Chief Judge Brimmer in *Sanchez-Felix*.  The defendant in that case did attempt to have this evidence, in the form of affidavits provided by S. Deborah Kang, M.A., Ph.D., a professor at the University of Virginia, and Benjamin Gonzalez O'Brien, M.A., Ph.D., a professor at San Diego State University, considered by the court.  *See Sanchez-Felix*, 2022 WL 159814, at *2.  Judge Brimmer declined to reconsider his original decision because the evidence was first presented in connection with a motion for reconsideration.  *Id.* at *3.  However, in this case, this evidence is properly before the Court and has been considered.

violating.  (ECF No. 22 at 13 ("Defendant's challenge to § 1326 focuses almost entirely on the legislative motives of the 1929 Congress, rather than the Congress that passed, or the ones that repeatedly amended, § 1326.  It must be reiterated that Defendant is challenging the constitutionality of a repealed law.").)

As countless other courts have found, such evidence bears little weight on Section 1326, which was officially reenacted as a felony offense in 1952 as part of the broader INA.  *See Suquilanda*, 2021 WL 4895956, at *5 (citing *United States v. Gallegos-Aparicio*, 2020 WL 7318124, at *3–4 (S.D. Cal. Dec. 11, 2020); *United States v. Rios-Montano*, 2020 WL 7226441, at *3 (S.D. Cal. Dec. 8, 2020)).  Moreover, "this provision has been modified a number of times since 1952 in order to enhance penalties or otherwise rebalance the deterrent effect of the law."  *Id.*

Accordingly, it is the discriminatory intent with respect to these later enactments and amendments would be most relevant to a finding of discriminatory intent.  *See id.* However, based on the Court's review of the arguments and evidence, the Court is not persuaded that Defendant has carried his burden of showing that Section 1326 was enacted, or later modified, with discriminatory intent.  *See id.* (citing *Gallegos-Aparicio*, 2020 WL 7318124, at *3 (noting specifically the legislative history of the 1990 amendment which was void of evidence of discriminatory intent).

Specifically, in the Motion, Defendant merely refers the Court to *Carrillo-Lopez*, which as noted above found Section 1326 unconstitutional, and encourages the Court to "adopt the factual findings of *Carrillo-Lopez* . . . regarding the 1952 reenactment." (ECF No. 18 at 18.)  Defendant does not analyze any portion of *Carrillo-Lopez*, nor does he specifically identify what evidence before that court is also before this Court which

should persuade the undersigned to wholesale adopt *Carrillo-Lopez*'s "outlier" analysis. He merely cites in footnotes what appear to be references to *Carrillo-Lopez* without providing explanatory parentheticals or analysis.  *See Est. of McIntire ex rel. McIntire v. City of Boulder*, 61 F. App'x 639, 643 (10th Cir. 2003) ("It is not the responsibility of the court to search the record to find justification for representations made in the briefs." (citations omitted)).

"[The Court is] not charged with making the parties' arguments for them."  *Meyer v. Bd. of Cnty. Comm'rs*, 482 F.3d 1232, 1242 (10th Cir. 2007).  Accordingly, this type of cursory, conclusory argument does not cure Defendant's Motion of the problems that almost every other court addressing the exact issue has found fatal to that argument. "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.'"  *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (quoting *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)).  The Court finds Defendant's failure to explain how the voluminous evidence he cites supports his argument also dooms his argument.

Moreover, it is worth noting that the defendant in *Sanchez-Felix* attempted the same approach of encouraging adoption of *Carrillo-Lopez*, to no avail.  Judge Brimmer declined to adopt the factual findings in *Carrillo-Lopez*, stating that it would be inappropriate to adopt the factual findings of another court.  *See Sanchez-Felix*, 2021 WL 6125407, at *7 n.3.  And, as here, Judge Brimmer observed that Sanchez-Felix had not explained whether the court had the same evidence under consideration from which it could draw the same conclusion as reached in *Carrillo-Lopez*.  Finally, Judge Brimmer

noted that "the only specific evidence of the use of the term 'Wetback Bill' in *Carrillo-Lopez* is that of a single senator, who noted that 'a Bill known as the Webtback Bill[ ] was going to be debated.'" *Id.* (citation omitted).  Ultimately, Judge Brimmer did not find this evidence of sufficient probative weight to establish that Congress as a whole enacted the INA with racial motives or intent.  *See id.* (citation omitted).  The Court agrees with Judge Brimmer's analysis on this issue.

Therefore, based on the briefs and evidence before the Court, the undersigned cannot conclude that Section 1326 was enacted with discriminatory intent and will deny Defendant's Motion.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS that Defendant Jorge Humberto Sifuentes-Felix's Motion to Dismiss the Indictment (ECF No. 18) is DENIED.

Dated this 1st day of February, 2022.

BY THE COURT:

William J. Martinez
United States District Judge